IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ELIAZAR A. FLORES and RAFAEL RAMIREZ, Individually and On Behalf of All Others Similarly Situated, § § § § *Plaintiffs*, § § v. § § E DIAMOND ELECTRIC, INC. § § *Defendant*. § | § § § CIVIL ACTION NO: § § JURY DEMANDED § § § § § § |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

ELIAZAR A. FLORES and RAFAEL RAMIREZ ("Plaintiffs"), individually and behalf of all others similarly situated, files this lawsuit as a collective action against E DIAMOND ELECTRIC, INC. ("Defendant") to recover unpaid overtime wages, lost wages, liquidated damages, and attorney's fees, and for cause of action would show the following:

### I.     NATURE OF CLAIMS

1. This is a collective action filed under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA") to correct unlawful employment practices, including Defendant's failure to abide by wage and hour laws. This collective action seeks to recover unpaid wages and other damages owed by Defendant to its current and former E Diamond Electric (hereinafter "EDE") employees. EDE has violated the rights of all undocumented immigrant electricians under the Fair Labor Standards Act ("FLSA") by failing to pay them overtime compensation for work performed in excess of forty (40) hours per week.

2. Plaintiffs seek declaratory and injunctive relief; an award of money damages for the economic losses caused by Defendant's unlawful conduct, including lost wages and compensation; an award of liquidated damages under the FLSA and Labor Law; prejudgment interest; Plaintiffs' reasonable attorney's fees; costs of this action; and any such other and further relief this Court deems just and equitable.

## II.   JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. section 2000e-5(f)(3), and 29 U.S.C. § 216(b) in that claims are asserted the FLSA (29 U.S.C. § 201 et seq.).

4. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because the Defendant and the Plaintiffs transacted business within this judicial district and a substantial part of the events or omissions giving rise to this Complaint occurred in this district.  At all times pertinent to this Complaint, Defendant engaged commercial and residential electrical services by conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, and the Internet.  At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).  Additionally, Plaintiffs were individually engaged in commerce and their work was essential to the Defendant's business.  Specifically, Plaintiffs traveled on interstate highways in the performance of their duties and exclusively used interstate communications to perform their job duties.

## III.   THE PARTIES

5. Plaintiff, Eliazar Anastacio Flores is an individual residing in Harris County, Texas. Mr. Flores was employed by the Defendant from 2016 until December 2, 2019.  Plaintiff brings his

federal overtime claims on his own behalf and on behalf of all others similarly situated to file with this Court their consent to sue.

6. Plaintiff, Rafael Ramirez is an individual residing in Harris County, Texas. Mr. Ramirez was employed by the Defendant from 2015 until December 2, 2019. Plaintiff brings his federal overtime claims on his own behalf and on behalf of all others similarly situated to file with this Court their consent to sue.

7. Defendant, E Diamond Electric, Inc. is a corporation operating out of Houston, Texas. E Diamond Electric, Inc. headquarters is located at 11525 Bauman Street, Houston, TX 77076 and may be served with process through its owner, Mr. Tommy Edwards, or its President, Mr. Eloy Carvajal at 11525 Bauman Street, Houston, TX 77076.

## IV.   FACTS

8. At all times relevant to this lawsuit, Defendant was, and remains, an enterprise engaged in commerce within the meaning of the FLSA. 29 U.S.C. § 203 and is subject to the FLSA.

9. Defendant, E Diamond Electric, Inc. is a service company that provides residential and commercial electrical contractor services, including: main line wiring, breaker boxes, new construction, hook- ups, repairs, troubleshooting and security. The Company completes projects varying from large-scale commercial and residential construction. Defendant provides its own local employees to complete the projects throughout the city of Houston and surrounding areas.

10. Defendant employed Plaintiffs and others similarly situated at all relevant times within the meaning of the FLSA. 29 U.S.C. § 203(g). Plaintiff asserts upon information and belief that Defendant's annual revenues exceeded $500,000.00 during the relevant time period.

11. In performing their duties for Defendant, Plaintiff and others similarly situated were employed in an enterprise engaged in commerce or in the production of goods for commerce.

Specifically, Defendant has employees utilizing interstate telephone and broadband communications for the commercial purposes of Defendant's enterprise. Moreover, Defendant required Plaintiffs to complete projects throughout Houston, which required them to travel through the corridors of interstate commerce.

12. Plaintiffs and others similarly situated were employed as Electricians that traveled throughout Houston on behalf of Defendant's client-customers. Plaintiffs and other similarly situated were never classified as independent contractors, nor were they exempt from overtime requirements. Electricians such as the Plaintiff are not professionals for purposes of the FLSA and are not exempt from the overtime.

13. Plaintiffs and others similarly situated are paid wages for forty (40) hours a week, even though they consistently worked 60-72 hours per week. Plaintiffs and others similarly situated were not compensated for working more than forty (40) hours a week, which equated to one and one-half their regular rate of pay, as required by overtime compensation laws.

14. Upon information and belief, other similarly situated undocumented immigrant employees at EDE are also uniformly paid in a fashion like Plaintiffs and not compensated for the extra time, in excess of forty (40) hours.

15. Specifically, EDE is in the business of providing a service to its client-customers—the very task that its electricians are hired to perform. However, the experienced electricians that EDE claimed to have on staff were not exempt employees. The work performed by the non-exempt electricians is integral to Defendant's business in that EDE simply could not function without their contributions.

16. Moreover, upon information and belief, in the three-year period preceding the filing of this lawsuit, EDE paid their electricians who were legal citizens overtime compensation, paid leave,

and/or other gross wages. EDE's compensation structure had the purpose and/or effect of discriminating against electricians based on their national origin and/or American citizenship.

17. Plaintiffs and others similarly situated are entitled to overtime at one-and-one-half times their regular rates of pay for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. § 207.

18. Defendant did not pay Plaintiffs and others similarly situated one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) per week.

19. Defendant violated the FLSA because it did not pay Plaintiffs and others similarly situated overtime pay they should have received for the hours worked and hours worked in excess of forty (40) in a workweek. Plaintiffs and others similarly situated nonexempt employees did not receive overtime compensation for hours worked for EDE.

20. As a result, Plaintiffs and others similarly situated did not receive compensation they were legally entitled to receive. The work performed by Plaintiffs and others similarly situated was with Defendant's knowledge. Defendant provided training for its court representatives, approved schedules, assigned work and supervised the work.

21. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. § 211(c).

22. In addition to the pay violations of the FLSA identified above, Defendant also failed to keep proper time records as required by the FLSA.

23. The illegal pattern or practices on the part of Defendant with respect to compensation and failure to maintain accurate time records are direct violations of the FLSA.

24. No exemption excuses Defendant for failing to pay Plaintiffs at their proper overtime rate of time and a half for all hours worked in excess of forty (40).

25.     Defendant has not made a good faith effort to comply with the FLSA.

26.     EDE's above-referenced illegal conduct has caused significant injury to Plaintiffs, including, but not limited to, the following: lost compensation, lost benefits and other privileges of employment; pain and suffering; mental anguish; emotional distress; embarrassment; humiliation; loss of enjoyment of life; irreparable damage to their good name and reputation; and irreparable damage to their professional career and future earning potential.

27.     Defendant's violations of the FLSA were committed knowingly, willfully, and/or with reckless disregard to Plaintiff and similarly situated employees' rights.

### V.     FIRST CAUSE OF ACTION: FLSA OVERTIME VIOLATIONS

28.     Plaintiff reasserts and incorporate by reference all the above numbered paragraphs.

29.     Plaintiff and others similarly situated were employees of E Diamond Electric, Inc. as set forth above.

30.     As employees of EDE, Plaintiffs and others similarly situated were legally entitled to be paid at one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek. As employees of EDE, Plaintiff and others similarly situated were legally entitled to overtime compensation.

31.     Defendant failed to pay Plaintiffs and others similarly situated at one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day work week in violation of the FLSA 29 U.S.C. § 207.

32.     As a result, Plaintiffs and others similarly situated did not receive the compensation they were legally entitled to receive.

33.     Defendant's violations of the FLSA were committed knowingly, willfully, and/or with reckless disregard to Plaintiffs and other similarly situated employees' rights.

34.     As a result of Defendant's willful violations of the FLSA, Plaintiffs and others similarly situated are entitled to reimbursement of unpaid overtime, an additional equal amount as liquidated damages, and reasonable attorneys fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. § 216(b).

## VI.    SECOND CAUSE OF ACTION: FAILURE TO MAINTAIN ACCURATE RECORDS

35.     Plaintiff reasserts and incorporate by reference all the above numbered paragraphs.

36.     The FLSA requires employers to keep accurate records of hours worked by nonexempt employees.  29 U.S.C. §211(c); 29 C.F.R. pt. 516.

37.     In addition to the pay violations of the FLSA described above, Defendant also failed to keep proper time records as required by the FLSA.

38.     Defendant failed to properly record and pay Plaintiffs their wages.

## VII.    COLLECTIVE ACTION ALLEGATIONS

39.     Plaintiff reasserts and incorporate by reference all the above numbered paragraphs.

40.     Upon information and belief, many other similarly situated employees employed by Defendant over the last three (3) years have been victimized by Defendant's violations of the FLSA.'

41.      These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime compensation at a rate of time and a half for hours worked in excess of forty (40).

42.     Defendant's patterns or practices of failing to pay overtime compensation are generally applicable policies or practices and do not depend on the personal circumstances of the Members of the Class

43.     Since, on information and belief, Plaintiff's experiences are typical of the experiences of

the Members of the Class, collective action treatment is appropriate.

44. As set forth above, Plaintiffs are aware of other employees who perform similar work for Defendant.

45. All employees of Defendants, regardless of their rate of pay, who were not paid at their proper overtime rate for hours worked in excess of forty (40) are similarly situated. Although the issue of damages may be individual in character, there is no detraction fro the common nucleus of liability facts. The Class is therefore properly defined as:

> All current and former electrician who: (1) worked at any business located in the United States that was owned, operated, and/or acquired by Defendant during the class period; (2) claim they were misclassified as exempt from overtime compensation or was an hourly employee and now seek payment for overtime hours worked; and (3) were compensated on any basis where they were not properly paid at a rate of time and a half for hours worked in excess of forty (40).

46. Defendant's practice of not paying employees similarly situated to Plaintiff at one-and-one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per each seven (7) day workweek is in direct violation of the FLSA.

47. As a result of Defendant's willful violations of the FLSA, others similarly situated employees are entitled to reimbursement of unpaid overtime, an additional equal amount as liquidated damages, and reasonable attorneys fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. § 216(b).

## VIII. JURY DEMAND

48. Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff has submitted the jury demand and herein submit the jury fee.

## IX. PRAYER

49. For the reasons set forth above, Plaintiff respectfully pray that the Defendant be cited to

appear and answer herein, and for the following relief:

a. that the Court enter an order allowing this action to proceed as a collective action under the FLSA and directing notice to any and all similarly situated employees;

b. judgment awarding Plaintiff and similarly situated employees all unpaid overtime wages, lost wages, liquidated damages, attorneys' fees and costs under the FLSA;

c. an award of pre-judgment and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

d. all such other and further relief to which Plaintiff and similarly situated employees may show themselves to be justly entitled.

Respectfully Submitted,

kennard law P.C.

By: _____
Alfonso Kennard, Jr.
Texas State Bar No. 24036888
Federal ID No. 713316
Attorney-In-Charge
Email Alfonso.Kennard@KennardLaw.com
**ATTORNEY FOR PLAINTIFFS**